# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GLENN S. LALE,

        Plaintiff,

    v.                                         Case No. 09-C-503

RICK RAEMISCH, MICHAEL A. DITTMANN,
RICK HAEN, STEVE AUSTIN,
LT. BERG, and JOHN DOE, sued as Jamie,

        Defendants.

## ORDER

The plaintiff, a Wisconsin state prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $19.20.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state

a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S.

Case 2:09-cv-00503-JPS   Filed 10/28/09   Page 2 of 10   Document 6

at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

-3-

The plaintiff was incarcerated at the Kettle Moraine Correctional Institution (KMCI) at all times relevant to this action. The defendants are: Rick Raemisch, Secretary of the Wisconsin Department of Corrections; Michael Dittman, KMCI Warden; Rick Haen, Building and Grounds Superintendent; Lt. Berg, Correctional Supervisor; and John Doe, sued as Jamie, Recreation Supervisor.

According to the complaint, on December 24, 2008, as the plaintiff was exiting the exercise floor, he caught the toe of his right foot on the top of a flight of stairs, stumbled, and lost his balance. He grabbed for a handrail but none was there, and then fell down the flight of stairs, which contained five steps. After landing on the floor, "the plaintiff was in immediate extreme pain and saw his right foot turned completely backwards and flopping loosely." (Complaint ¶ 15). The plaintiff was taken to St. Agnes Hospital, examined by Dr. Magilone, and had surgery. He had an eight-inch plate with six or seven screws affixed to his leg bone structure to hold the fibula and tibia in place and two long bolts were placed in his ankle and leg to hold the tarsals to the tibia. A hard cast was placed onto the plaintiff's right leg on January 7, 2008. On February 4, 2008, the cast was removed and he was given a large fiberglass boot to wear for support.

On February 12, 2008, the plaintiff started physical therapy and on his initial visit the upward movement of the foot and ankle was measured at 0% and the downward movement was 5%. The physical therapist stated that the bones had been broken in three places and that the metal implants might have to be removed.

-4-

The plaintiff lost all sense of feeling on the left side of his ankle and numbness persists to some extent today. On March 20, 2008, one of the physical therapists told the plaintiff that his golf activities and all other physical pursuits would be adversely affected, including his ability to work in the automotive business. He was also told to expect swelling in warm weather, periodical "shooting pain" similar to an electric shock, and sensitivity to cold, damp inclement weather. On April 3, 2008, another physical therapist stated that he was about 75% recovered. He was told to rehabilitate his ankle at KMCI's gymnasium by pedaling the stationary bicycle forwards and backwards. Throughout the physical therapy, the plaintiff has experienced varying degrees of pain. There are times when he has to pause in step to regroup from unbearable shooting pain.

By April 28, 2008, the plaintiff was experiencing increasing pain and submitted a Health Services Request in order to be seen by medical staff to determine a cause. Additional X-rays were taken on April 30, 2008. On May 27, 2008, the plaintiff was taken to the Fond du Lac Surgery Center in Fond du Lac, Wisconsin, for an examination. The doctor stated the screws affixing the hardware in the plaintiff's leg were so close to the surface of the skin that they could be felt. He stated if the pain persisted from the hardware, then all of the hardware would have to be removed. The plaintiff has some degree of constant chronic pain. On some days, it is severe and on other days it is only a dull ache. Several months after the injury, the plaintiff went to the gym to continue his rehabilitation per the therapist's

Case 2:09-cv-00503-JPS   Filed 10/28/09   Page 5 of 10   Document 6

instructions.  On one occasion the plaintiff told defendant John Doe, sued as Jamie, that his fall was severe and it would not have taken place if there had been a handrail on the stairs.  Jamie stated that he saw the plaintiff at the top of the stairs and then the plaintiff just disappeared.  Jamie did not comment on the lack of a handrail.

The plaintiff claims that defendant Secretary Raemisch failed to assure that the institution was up to code by having a handrail, that having a handrail would have prevented him from falling, and that Raemisch's failure to investigate whether the stairway had a handrail constituted deliberate indifference.  The plaintiff claims that defendant Warden Dittmann was deliberately indifferent when he failed to investigate the plaintiff's inmate complaint about the incident after the inmate complaint was wrongly rejected.   The plaintiff claims that defendant Haen was deliberately indifferent by not having KMCI in compliance with the code.  He claims that defendant Austin failed to dispatch the facility repair technician to investigate the area where the defendant had been injured and, therefore, was deliberately indifferent and negligent.   The plaintiff claims that defendant Berg failed to investigate the incident from a security point of view.  He claims that defendant John Doe, sued as Jamie, was informed of the absence of a handrail and that his failure to ensure the stairs were safe constitutes deliberate indifference and negligence. For relief, the plaintiff seeks compensatory damages, costs, and any additional relief the court deems just, proper, and equitable.

-6-

To successfully make out a § 1983 claim, a plaintiff must allege that the defendant was deliberately indifferent to a serious risk of substantial harm. Deliberate indifference is a mental state approaching intent: the defendant need not intend harm, but he must know that an excessive risk exists to the plaintiff's health and safety if no corrective action is taken. *Farmer v. Brennan*, 511 U.S. 825, 827 (1994); *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004). When the complaint alleges that the defendant failed to protect the plaintiff from a known dangerous condition, the question of deliberate indifference can be phrased as whether the plaintiff's exposure to that condition would "offend contemporary standards of decency." *Christopher*, 384 F.3d at 882.

In *Christopher*, the Seventh Circuit rejected an inmate's claim of deliberate indifference when he alleged that the conditions on the prison's softball field were dangerous. *Id.* The inmate alleged that a "lip" on the field, which had previously resulted in injury to another inmate, caused a ball to bounce up into his face and injure him. The court found that even if the defendants knew the lip was inherently dangerous, exposure to that condition did not amount to deliberate indifference. The court contrasted exposure to other dangerous conditions – such as excessive cigarette smoke, violent other inmates, dangerous machinery, and raw sewerage – and concluded that exposure to a dangerous softball field did not offend contemporary standards of decency. *Id.*

In this case, assuming that defendants knew that the stairs in question did not have a handrail, such a hazard, like a dangerous softball field, simply "does not amount to a condition objectively serious enough to implicate the Eighth Amendment." *Id.* at 882. In other words, the complaint does not rise to the level of dangerousness that would allow a factfinder to conclude either that there was an objectively serious risk of harm or that the defendants possessed the culpable mental state. Instead, the plaintiff states a classic claim for negligence, which he is free to allege in state court. Because his complaint fails to allege a sufficiently serious risk of harm, the plaintiff fails to state a claim for deliberate indifference. In short, negligence is not enough. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (rejecting inmate's due process claim after inmate fell on stairs due to the presence of a pillow left there by jail staff); *see also LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment").

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), aff'd sub nom. *Neitzke v. Williams*, 490 U.S. 319 (1989)).

## ORDER

**IT IS, THEREFORE, ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**.

-8-

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $330.80 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant

-9-

Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bona fide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 28th day of October, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge