# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GLENN S. LALE,

        Plaintiff,

v.                                                           Case No. 09-CV-503

RICK RAEMISCH, MICHAEL A. DITTMANN,
RICK HAEN, STEVE AUSTIN, LT. BERG,
and JOHN DOE, sued as Jamie,

        Defendants.

## ORDER

The plaintiff, Glenn S. Lale, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On October 28, 2009, the court granted the plaintiff's motion for leave to proceed *in forma pauperis* and, upon screening the complaint under 28 U.S.C. § 1915A, dismissed the action for failure state a claim. Judgment was entered on October 28, 2009. On November 4, 2009, the plaintiff filed a motion for reconsideration which will be addressed herein.

There is no motion for reconsideration under the Federal Rules of Civil Procedure. There are, however, Rules 59(e) and 60(b). A motion filed under Rule 59(e) must be filed within ten days of entry of the judgment,[1] while a Rule 60(b) motion must be filed "within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment[.]" Fed. R. Civ. P. 59(e), 60(c)(1).

---

[1] On December 1, 2009, Rule 59(e) was amended to enlarge the time for a post-judgment motion to twenty-eight days.

Whether a motion should be analyzed under Rule 59(e) or 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it. *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006)).

Altering or amending a judgment pursuant to Rule 59(e) is permissible when there is newly discovered evidence or where there has been a manifest error of law or fact. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). Vacating a judgment under Rule 60(b) is permissible for several reasons including mistake, excusable neglect, newly discovered evidence, and fraud. *See* Fed. R. Civ. P. 60(b). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Id.* (quoting *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005)). Rule 59(e), on the other hand, requires that the movant "clearly establish" one of the aforementioned grounds for relief. *Id.* (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

The plaintiff bases his motion on errors of law, a basis encompassed by Rule 59(e). *See Obriecht*, 517 F.3d at 494. Accordingly, his motion will be considered under Rule 59(e). As indicated, a court may grant a motion to amend a judgment if there is newly discovered evidence or an intervening change in the law or if the judgment reflects a manifest error of the law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). A "manifest error" is a "wholesale disregard, misapplication, or

failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). Rule 59(e) motions are generally not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff, who was allegedly seriously injured at Kettle Moraine Correctional Institution when he stumbled and fell down a flight of stairs that did not have a handrail, contends that the court erred in dismissing the complaint for failure to state a claim. He alleges that an open and dangerous stairway without a handrail coupled with uneven floor surfaces offends contemporary standards of decency. The plaintiff further asserts that a situation wherein a state-owned and operated facility creates and maintains an unsafe condition in violation of state statute constitutes deliberate indifference.

Upon screening the complaint pursuant to 28 U.S.C. § 1915A, the court reviewed the complaint allegations and determined that they failed to state a constitutional violation. The Screening Order states in relevant part:

> According to the complaint, on December 24, 2008, as the plaintiff was exiting the exercise floor, he caught the toe of his right foot on the top of a flight of stairs, stumbled, and lost his balance. He grabbed for a handrail but none was there, and then fell down the flight of stairs, which contained five steps. After landing on the floor, "the

Case 2:09-cv-00503-JPS   Filed 01/19/10   Page 3 of 7   Document 9

plaintiff was in immediate extreme pain and saw his right foot turned completely backwards and flopping loosely." (Complaint ¶ 15.) The plaintiff was taken to St. Agnes Hospital, examined by Dr. Magiline, and had surgery. He had an eight-inch plate with six or seven screws affixed to his leg bone structure to hold the fibula and tibia in place and two long bolts were placed in his ankle and leg to hold the tarsals to the tibia. A hard cast was placed onto the plaintiff's right leg on January 7, 2008. On February 4, 2008, the cast was removed and he was given a large fiberglass boot to wear for support.

On February 12, 2008, the plaintiff started physical therapy and on his initial visit the upward movement of the foot and ankle was measured at 0% and the downward movement was 5%. The physical therapist stated that the bones had been broken in three places and that the metal implants might have to be removed. The plaintiff lost all sense of feeling on the left side of his ankle and numbness persists to some extent today. On March 20, 2008, one of the physical therapists told the plaintiff that his golf activities and all other physical pursuits would be adversely affected, including his ability to work in the automotive business. He was also told to expect swelling in warm weather, periodical "shooting pain" similar to an electric shock, and sensitivity to cold, damp inclement weather. On April 3, 2008, another physical therapist stated that he was about 75% recovered. He was told to rehabilitate his ankle at KMCI's gymnasium by pedaling the stationary bicycle forwards and backwards. Throughout the physical therapy, the plaintiff has experienced varying degrees of pain. There are times when he has to pause in step to regroup from unbearable shooting pain.

By April 28, 2008, the plaintiff was experiencing increasing pain and submitted a Health Services Request in order to be seen by medical staff to determine a cause. Additional X-rays were taken on April 30, 2008. On May 27, 2008, the plaintiff was taken to the Fond du Lac Surgery Center in Fond du Lac, Wisconsin, for an examination. The doctor stated the screws affixing the hardware in the plaintiff's leg were so close to the surface of the skin that they could be felt. He stated if the pain persisted from the hardware, then all of the hardware would have to be removed. The plaintiff has some degree of constant chronic pain. On some days, it is severe and on other days it is only a dull ache. Several months after the injury, the plaintiff went to the gym to continue his rehabilitation per the therapist's instructions. On one

-4-

Case 2:09-cv-00503-JPS   Filed 01/19/10   Page 4 of 7   Document 9

occasion the plaintiff told defendant John Doe, sued as Jamie, that his fall was severe and it would not have taken place if there had been a handrail on the stairs. Jamie stated that he saw the plaintiff at the top of the stairs and then the plaintiff just disappeared. Jamie did not comment on the lack of a handrail.

The plaintiff claims that defendant Secretary Raemisch failed to assure that the institution was up to code by having a handrail, that having a handrail would have prevented him from falling, and that Raemisch's failure to investigate whether the stairway had a handrail constituted deliberate indifference. The plaintiff claims that defendant Warden Dittmann was deliberately indifferent when he failed to investigate the plaintiff's inmate complaint about the incident after the inmate complaint was wrongly rejected. The plaintiff claims that defendant Haen was deliberately indifferent by not having KMCI in compliance with the code. He claims that defendant Austin failed to dispatch the facility repair technician to investigate the area where the defendant had been injured and, therefore, was deliberately indifferent and negligent. The plaintiff claims that defendant Berg failed to investigate the incident from a security point of view. He claims that defendant John Doe, sued as Jamie, was informed of the absence of a handrail and that his failure to ensure the stairs were safe constitutes deliberate indifference and negligence. For relief, the plaintiff seeks compensatory damages, costs, and any additional relief the court deems just, proper, and equitable.

To successfully make out a § 1983 claim, a plaintiff must allege that the defendant was deliberately indifferent to a serious risk of substantial harm. Deliberate indifference is a mental state approaching intent: the defendant need not intend harm, but he must know that an excessive risk exists to the plaintiff's health and safety if no corrective action is taken. *Farmer v. Brennan*, 511 U.S. 825, 827 (1994); *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004). When the complaint alleges that the defendant failed to protect the plaintiff from a known dangerous condition, the question of deliberate indifference can be phrased as whether the plaintiff's exposure to that condition would "offend contemporary standards of decency." *Christopher*, 384 F.3d at 882.

In *Christopher*, the Seventh Circuit rejected an inmate's claim of deliberate indifference when he alleged that the conditions on the prison's softball field were dangerous. *Id.* The inmate alleged that a "lip" on the field, which had previously resulted in injury to another inmate, caused a ball to bounce up into his face and injure him. The court found that even if the defendants knew the lip was inherently dangerous, exposure to that condition did not amount to deliberate indifference. The court contrasted exposure to other dangerous conditions – such as excessive cigarette smoke, violent inmates, dangerous machinery, and raw sewerage – and concluded that exposure to a dangerous softball field did not offend contemporary standards of decency. *Id.*

In this case, assuming that defendants knew that the stairs in question did not have a handrail, such a hazard, like a dangerous softball field, simply "does not amount to a condition objectively serious enough to implicate the Eighth Amendment." *Id.* at 882. In other words, the complaint does not rise to the level of dangerousness that would allow a factfinder to conclude either that there was an objectively serious risk of harm or that the defendants possessed the culpable mental state. Instead, the plaintiff states a classic claim for negligence, which he is free to allege in state court. Because his complaint fails to allege a sufficiently serious risk of harm, the plaintiff fails to state a claim for deliberate indifference. In short, negligence is not enough. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (rejecting inmate's due process claim after inmate fell on stairs due to the presence of a pillow left there by jail staff); *see also LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment").

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), aff'd sub nom. *Neitzke v. Williams*, 490 U.S. 319 (1989)).

(Court's Screening Order of October 28, 2009, at 4-8.)

The plaintiff has not cited any case law in support of his motion for reconsideration. Although he cites Wisconsin Statute section 79.05 in support of

-6-

his assertion that the lack of handrail on the stairway was an unsafe condition, that citation is wrong in that the statute cited is not related to handrails in state-owned facilities. In any event, even it was related, the plaintiff has not shown that the court's Screening Order contains a manifest error of law.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for reconsideration (Docket #8) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of January, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge